600

## THE E. S. HOWARD.

## CONSOLIDATED NEW YORK COAL COR-PORATION v. HOWARD.

District Court, S. D. New York.
Sept. 25, 1943.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan, of New York City, of counsel), for libellant.

Purdy & Lamb, of New York City (Edmund F. Lamb, of New York City, of counsel), for respondent.

HULBERT, District Judge.

This is a suit in personam in admiralty to recover damages for failure to deliver a cargo of coal in the same good order and condition as when received.

Respondent interposed an answer denying the material allegations of the libel, setting up what he claimed to be the true facts and circumstances, and for a further separate and distinct defense claimed exoneration from or limitation of liability.

Since, however, he would not be entitled to any affirmative recovery upon such answer, he filed a cross-libel in personam and made service of such cross-libel on proctors for the libellant. Rule 17 of the Admiralty Rules of this court.

More than eight months having elapsed and no answer to the cross-libel having been filed, this motion was brought on for an order dismissing the libel and awarding the cross-libellant an interlocutory decree.

■ The libellant is a corporation organized under the laws of the State of New York which, at the time of the filing of the libel, had an office for the transaction of business within this district, but its proctors assert that it no longer has such place of business; that he has been unable to communicate with his client and does not believe that he has any authority to appear for it, although the filing of the original libel conferred jurisdiction on this court over the person of the libellant and vested its solicitors or proctors with authority to receive the service of the process issued on the cross-demand. The Eliza Lines, C. C., 61 F. 308. (See particularly page 322.)

It would appear that service of the cross-libel alone is sufficient under Rule 17, supra.

Moreover, it is conceded that the libel was filed and the suit is being maintained for the benefit of the insurance carrier.

■ The court feels, however, in the circumstances, that adequate remedy is afforded the cross-libellant if the suit upon the original libel is stayed until an answer to the cross-libel is interposed, and if this is not done within a reasonable time, cross-libellant may then move to renew the motion to dismiss the original libel and for judgment on the cross-libel. Settle order.